**STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **WAYNE MULLIN,** | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| **V.** | ) | **CIVIL NO. 2:14-CV-174-DBH** |
| | ) | |
| **NORTHEAST TECHNICAL INSTITUTE,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

**DECISION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ORDER TO SHOW CAUSE**

This case involves a terminated employee's retaliation claims under the federal False Claims Act ("FCA"), the federal Fair Labor Standards Act ("FLSA"), and the Maine Whistleblowers' Protection Act ("MWPA") (enforced through the Maine Human Rights Act). I **DENY** the defendant's motion for summary judgment on the FCA and MWPA claims (Counts I and III).[1] I am skeptical of the plaintiff's FLSA retaliation claim given some of the cases the plaintiff has cited, however, and I **ORDER** him to show cause by July 24, 2015, why I should not grant summary judgment against him on Count II.[2]

[1] The plaintiff has withdrawn his own motion for partial summary judgment on an affirmative defense. See Pl.'s Notice of Withdrawal of Mot. for Partial Summ. J. (ECF No. 63).

[2] I give this opportunity because the argument I discuss below was not explicitly addressed in the briefing, although it is prominent in the cases that the plaintiff cited.

***Counts I and III, the FCA and MWPA Retaliation Claims***

Although the defendant argues strenuously for summary judgment on all counts, after applying the McDonnell Douglas burden-shifting framework[3] I conclude that there are genuine issues of material fact on when the termination decision was made, whether the reasons given were pretextual, and who made or influenced the decision. On the summary judgment record, a factfinder could conclude that the plaintiff was engaged in protected activities under the FCA and the MWPA; that the plaintiff's superiors were upset with his challenge to a student attendance record deletion; that record-keeping of this sort bore upon the defendant's eligibility for federally backed student loans; that the plaintiff's belief about the illegality of the defendant's actions was objectively reasonable; and that it was the plaintiff's engagement in activities that might have led to evidence of FCA violations that caused his termination.

***Count II, the FLSA Retaliation Claim***

The FLSA prohibits an employer from discharging an employee "because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3). Oral as well as written complaints are protected. See Kasten v. Saint-Gobain Performance Plastics Corp., 131 S. Ct. 1325, 1329 (2011).

According to Valerio v. Putnam Associates, Inc., 173 F.3d 35, 44 (1st Cir. 1999), however, under the FLSA "not all abstract grumblings will suffice to

[3] The burden-shifting framework from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies to FCA and MWPA claims. See Harrington v. Aggregate Indus. Ne. Region, Inc., 668 F.3d 25, 31 (1st Cir. 2012) (FCA claims); Fuhrmann v. Staples Office Superstore E., Inc., 2012 ME 135, ¶ 13, 58 A.3d 1083 (MWPA claims); Murray v. Kindred Nursing Centers W. LLC, No. 2:13-cv-00341-JDL, 2014 WL 4411044, at *8 (D. Me. Sept. 8, 2014) (same).

constitute the filing of a complaint" and support a retaliation claim. For the FLSA, the Supreme Court has stated that "the phrase 'filed any complaint' contemplates some degree of formality, certainly to the point where the recipient has been given fair notice that a grievance has been lodged and does, or should, reasonably understand the matter as part of its business concerns." Kasten, 131 S. Ct. at 1334. According to the Supreme Court, "a complaint is 'filed' when 'a reasonable, objective person would have understood the employee' to have 'put the employer on notice that [the] employee is asserting statutory rights under the [Act].'" Id. at 1335 (quoting and agreeing with the government's position in that case at oral argument) (alteration in original). "[A] complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." Id. Simply put, there "is a point at which an employee's concerns and comments are too generalized and informal to constitute 'complaints' that are 'filed' with an employer within the meaning of" the FLSA. Valerio, 173 F.3d at 44 (citation omitted); see also Manfield v. Alutiiq Int'l Solutions, Inc., 851 F. Supp. 2d 196, 206 (D. Me. 2012) (stating that a plaintiff must "put his employer on notice of his actions and intentions," and rejecting retaliation claim where the plaintiff's "limited and informal communications with the Defendants failed to inform them of any intent to institute an FLSA action.").

According to the plaintiff's statement of facts in this case, about two weeks before his termination, Pl.'s Additional Statement of Material Facts ("PASMF") ¶ 30 (ECF No. 57), he learned that the defendant had decided to reclassify certain

of its employees from salaried (exempt from FLSA overtime requirements) to hourly (covered by FLSA overtime requirements). He asked the defendant's general manager why the change was being made and stated that "for the employees who were now being classified as non-exempt it would seem that they would be entitled to overtime premiums for overtime that they had worked in the past for which they had not received overtime pay or overtime premiums." PASMF ¶ 31. The plaintiff says that the general manager "did not respond to [this] statement." Id. ¶ 32.[4] That appears to have been the extent of the plaintiff's communications to management on this matter. He did not claim overtime for himself. See Pl.'s Opposing Statement of Material Facts ¶ 76 (ECF No. 57). He never asked any of the other employees if they felt that they should have been paid overtime, and none of them ever suggested to him that they were entitled to overtime. Id. ¶¶ 71-72. I invite the plaintiff, therefore, to demonstrate how his statement regarding overtime got beyond the stage of "abstract grumblings," if it even reached that stage.

The plaintiff shall respond by July 24, 2015. If the defendant needs to reply, it shall do so by July 31, 2015.

**SO ORDERED.**

**DATED THIS 13TH DAY OF JULY, 2015**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

[4] The plaintiff gave a slightly different version in his deposition, stating that the general manager responded to his query about why the change was being made and his comment about overtime with the statement that the defendant did not have to pay the re-classified workers for past overtime and that the re-classification "was just a change [the defendant] needed to make." See Mullin Dep. at 236:2-7 (ECF No. 52-1).